UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REVEREND DR. KAMAL K. ROY, | Case No. 08-01480-RSL-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| FEDERAL ELECTION et al., | |
| Defendants. | |

Plaintiff Reverend Dr. Kamal K. Roy, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights lawsuit against numerous defendants, including "Federal Election," Senator Barack Obama, Senator John McCain, and "GOP National Committee." Dkt. No. 1-2 at 1. After careful consideration of plaintiff's IFP application, proposed complaint, supporting materials, the governing law and the balance of the record, the Court recommends that his case be DISMISSED without prejudice and his IFP application DENIED as moot.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616

REPORT AND RECOMMENDATION
PAGE - 1

(9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The fact that plaintiff is not a prisoner does not change this analysis. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the U.S. Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff has failed to do so here. Indeed, his proposed complaint is incomprehensible. It is a fifteen-page combination of handwritten pages and copies of various documents, including printouts from internet websites and miscellaneous pre-printed forms. Each document contains handwritten comments scrawled around the borders of the page or between paragraphs, making many pages impossible to read. *See* Dkt. No. 1-2. In sum, the proposed complaint sets forth a string of rambling statements that: (a) fail to specifically identify what federal statutory or constitutional rights were allegedly violated; and (b) fail to show how the named defendants personally participated in depriving plaintiff of his federal or constitutional rights. Additionally, several of the named defendants do not appear to be state actors subject to suit under § 1983. Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court notes that this is not the first time that plaintiff has lodged a frivolous complaint in this district. *See, e.g., Roy v. McCain,* C08-919-TSZ, *Roy v. All State Bd. of Elections*, C07-1419-RSL; *Roy v. Roberts et al.*, C07-1157-TSZ; *Roy v. Bush et al.*, C07-484-JCC. To this end, the Court advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files another frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. **If**

REPORT AND RECOMMENDATION
PAGE - 2

1 **plaintiff continues to file numerous frivolous or malicious complaints, the Court may bar**
2 **him from proceeding in this court**. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th
3 Cir. 1990) (discussing bar order requirements).

4 Accordingly, the Court recommends that plaintiff's case be DISMISSED without
5 prejudice and his IFP application DENIED as moot. 28 U.S.C. § 1915(e)(2)(B). A proposed
6 Order accompanies this Report and Recommendation.

7 DATED this 14th day of October, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3